## DOWNER *v.* SHAW.

An action of debt on a promissory note, is not taken out of the operation of the statute of limitations, by an express promise of the defendant to pay the note, within six years next before the commencement of the action.

DEBT, founded on a judgment recovered in Vermont, and also on a promissory note.

To the counts on the note the defendant pleaded the statute of limitations, *non accrevit*, &c., to which there was the general replication of *accrevit*, &c., and issue was joined thereon.

The note was dated and payable more than six years prior to the commencement of this suit. On the trial the plaintiff offered evidence to prove an acknowledgment and promise to pay within six years. But the court ruled that such evidence was not sufficient to maintain this action on the note.

No evidence being offered as to the judgment, a verdict was thereupon taken by consent for the defendant, subject to the opinion of this court on said ruling of the court of common pleas.

*W. P. Wheeler*, for the plaintiff.

On principle there is no reason why an acknowledgment

and a new promise within six years should not have the same effect in debt as in assumpsit. The form of the plea and replication are substantially the same. In both cases the new promise, supported by a moral obligation to pay, is the real foundation of the action.

The authorities do not go to the extent of settling the precise question raised in this case. *A' Court* v. *Cross*, 3 Bing. 329, and *Exeter Bank* v. *Sullivan*, 6 N. H. Rep. 124, were actions in assumpsit. In the former case there was no evidence of a new promise ; and the same is the case in *Rice* v. *Wilder*, 4 N. H. Rep. 336.

*Vose*, for the defendant.

The precise question in this case was settled in *Rice* v. *Wilder*, 4 N. H. Rep. 336, which decision was recognized and confirmed in *Exeter Bank* v. *Sullivan*, 6 N. H. Rep. 133. The same point was settled in *Taylor* v. *Spivey*, 11 N. C. (Ired.) Rep. 427.

The statute under which *Rice* v. *Wilder* was decided remains the same, the Revised Statutes, passed in view of the construction then given, which was in perfect harmony with its express language, having made no change.

The policy of taking any case out of the statute by acknowledgment, or new promise, has always been matter of great doubt. Many of the States require the acknowledgment to be in writing, to have that effect. No course of decisions here, so far as the action of debt is concerned, requires a departure from the obvious import of the language of the law. The decision in *Rice* v. *Wilder*, has now acquired the force of settled law. *Bellows* v. *Parsons*, 13 N. H. Rep. 256, and authorities cited.

The construction claimed by the plaintiff would now be equivalent to a new act of legislation.

Woods, J. This is an action of debt, founded upon a judgment recovered in Vermont, and also upon a promisso-

ry note.   No question arises upon the count upon the judgment.   The only question for consideration relates to the sufficiency of the evidence to maintain the action upon the note.   The court ruled that the evidence was insufficient for that purpose.   The issue presented by the pleadings was whether the cause of action accrued within six years next before the commencement of the action.   The note became due and payable more than six years before the date of the suit.   The original cause of action then accrued—that is, the claim in suit became due and actionable more than six years prior to the time when this action was commenced. The original cause of action did not accrue within six years next preceding the time of the suit.

The question is, whether an acknowledgment of the debt, or a promise to pay it within six years, can have the effect to enlarge the time when the cause of action accrued, or to bring it down to a period as recent as the date of the acknowledgment or promise, and to remove the statute bar, and give still a right of action upon the note.   It is entirely well settled that, in an action of assumpsit upon a promissory note, an express promise to pay the same, or a partial payment made by the debtor, and indorsed thereon, or an unqualified acknowledgment of it as a subsisting debt, which the party is liable and willing to pay, will furnish sufficient and competent evidence of a new promise that will maintain the issue on the part of the plaintiff, such as that which is raised in the present case.   In such a case the new promise made within six years, establishes the issue on the part of the plaintiff, and entitles the party to recover upon the original cause of action, according to his declaration.   The new promise is to be regarded either as furnishing a new cause of action, upon which the action may be maintained, or as renewing the original cause upon which the statute will again operate as it did before upon the original cause.   A new promise, in this State, is holden not to revive the original promise, but only the original debt by,

reason of the new promise. But it is contended that notwithstanding a new promise will take an action of assumpsit out of the operation of the statute of limitations, nevertheless, it will not have the same effect in reference to the action of debt founded upon a contract. The case of *Rice* v. *Wilder*, 4 N. H. Rep. 336, would seem to be decisive of the question raised in the present case, if that be found to be good law. That, like the present case, was an action of debt upon promissory notes, to which the defendant pleaded that the several causes of action did not accrue within six years, and the plaintiffs replied that said causes did accrue within that period, before the commencement of the action, and issue was joined thereon. It was proved that when the officer went to serve the writ, the defendant, upon being asked whether the debt was honest, said it was honest, and was for goods. *Richardson*, C. J., who delivered the judgment of the court, said, " The question in this case is whether a promise, within six years before the commencement of the suit, to pay a simple contract debt, will take an action of debt upon such contract out of the statute of limitations." He further remarked, " The propriety of the decisions, in which it has been held that an acknowledgment of a debt will take assumpsit out of the statute, is, in the case just mentioned, questioned—(referring to the case of *A' Court* v. *Cross*, 3 Bing. 329.) And we are inclined to think it very questionable whether those decisions accord with the real intent, object, and spirit of the statute. But however that may be, we have no hesitation in holding that the principle of those decisions cannot be applied to the action of debt, and that the evidence offered by the plaintiffs in this case was altogether insufficient to sustain the verdict." The admission made by the defendant, when the writ was served upon him, is regarded in the opinion as a promise, and yet it is determined to be insufficient to sustain the verdict. The Chief Justice, in the opinion, cited with approbation the language employed by *Best*, C. J., in

the case of *A' Court* v. *Cross*, already referred to. The re-
marks of Mr. Chief Justice *Best*, in the case referred to,
bearing upon this case, are as follows: " The statute says
that actions on the case, account, trespass, debt, detinue, and
replevin, shall be brought within six years after the cause of
action, and not after. These actions, it will be observed,
are mentioned in the same section of the act, and the limita-
tion of the time within which they must be brought is the
same in all of these. In all of these except assumpsit, the
six years commences from the moment there is a cause of
action, and that time cannot be enlarged by any acknowl-
edgment. But in assumpsit it has been holden that al-
though six years have elapsed since the debt was contracted,
if the debtor promises to pay it within six years, he cannot
avail himself of the protection of the statute; however,
this promise, founded on a moral consideration, is a new
cause of action. It seems to me the plaintiff should have
been obliged to declare specially on the new promise, and
ought not to have been permitted to revive the original cause
of action, for which the statute expressly declares no action
shall be brought. By the present practice, the defendant
has not such distinct information as I think he is entitled to,
that the plaintiff means to avail himself of some new promise
to recover a stale demand. The real cause of action is kept
entirely out of view, and one that cannot be supported, is
brought forward."

It is quite clear that Chief Justice *Best* understood that
in England a party is protected by the statute, even against
the effect of any new promise, and the lapse of six years
from the original cause will form a conclusive bar in all
forms of action except assumpsit, and that an express prom-
ise will not revive the original cause.

In the case of *Bank* v. *Sullivan*, 6 N. H. Rep. 133, it is
said that " in no form of action except assumpsit can a
case be taken out of the statute by any acknowledgment or
payment in part of the debt." And the cases of *A' Court* v.

*Cross,* and *Rice* v. *Wilder,* are referred to in support of that doctrine. No cases have been cited by the vigilant counsel for the plaintiff, nor have we been able, after long and patient research, to find a single case in which a different doctrine has been holden, or even that gives any countenance to the idea that the time may be enlarged beyond that mentioned in the statute within which an action may be brought and maintained, in any other form of action than assumpsit, by reason of an acknowledgment of the debt, or payment of any part of it, or even by a new express promise.

In the absence of all authority in support of the position assumed by the plaintiff, we should not feel warranted in sustaining it against what we regard as being a direct decision of the point in *Rice* v. *Wilder,* distinctly recognized as the settled law in *Bank* v. *Sullivan,* and contrary to what may well be assumed to be the doctrine of the courts of England upon the evidence of it, as furnished by the opinion of so able and learned a jurist as Mr. Chief Justice *Best,* and with so little reason to justify a different construction and application of the statute. We think it may well be doubted whether it would not have resulted in promoting the ends of justice to a greater extent than has been done, to have administered the statute law under consideration with a rigid adherence to the letter of it. No partial or evasive promises would have been made or relied upon, that were made and intended only to lull the holders of contracts into remissness and confiding security, in order that the promissors might perchance evade the payment of just claims, and the wide field of litigation, thrown open by the course of the decisions in reference to the effect of a promise upon the operation of the statute of limitations, would have been kept closed, and the vast expense and vast labor which attended it would have been saved, while at the same time it is believed by many, possessing the most ample means of judging, that the cause of truth and justice would have been at least equally well sustained. The decision in this

case will, perhaps, only have the effect to cause creditors situated like the plaintiff, to seek redress by an action founded upon the express promise proved, resting for its support upon the original debt for a sufficient consideration to sustain it. And the only effect of holding the law as we do in this case, upon future cases like the present, will be to require the plaintiff to declare in special assumpsit, and to set forth the true and real grounds of action upon which he intends finally to rely, and to sustain his case by the very same character of proof of a promise to which the plaintiff resorted in the present case.

We are of the opinion, therefore, that the ruling of the court below was correct, and that there must be,

*Judgment on the verdict.*